**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: <br><br> CALNSHIRE ESTATES, LLC, <br><br> Debtor. | Case No.: 17-14457-ELF <br><br> Chapter 7 |
| BONNIE B. FINKEL, ESQUIRE, in her capacity as Chapter 7 Trustee for Calnshire Estates, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PRUDENTIAL SAVINGS BANK, <br><br> Defendant. | Adv. No.: 19-00138-ELF |
| In re: <br><br> STEEPLE RUN, L.P., <br><br> Debtor. | Case No.: 17-14458-ELF <br><br> Chapter 7 |
| BONNIE B. FINKEL, ESQUIRE, in her capacity as Chapter 7 Trustee of Steeple Run, LP, <br><br> Plaintiff, <br><br> v. <br><br> PRUDENTIAL SAVINGS BANK, <br><br> Defendant. | Adv. No. 19-00139-ELF |

**MOTION OF BONNIE FINKEL, CHAPTER 7 TRUSTEE, TO APPROVE
<u>SETTLEMENT AGREEMENT WITH PRUDENTIAL BANK</u>**

Pursuant to Federal Rule of Bankruptcy Procedure 9019, Bonnie Finkel, Chapter 7 Trustee

(the "<u>Trustee</u>") of the Bankruptcy Estates of Calnshire Estates, LLC ("<u>Calnshire</u>") and Steeple

1

Run, L.P. ("Steeple", and together with Calnshire, the "Debtors"), through her undersigned attorneys, hereby moves for an order approving a Settlement Agreement dated December 7, 2020 (the "Settlement Agreement") regarding the above-referenced bankruptcy cases and adversary proceedings between the Trustee and Prudential Bank ("Prudential"). In support of this motion, the Trustee states the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Pursuant to 28 U.S.C. § 157(b)(A) and (O), this motion is a core proceeding.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested in this motion is Federal Rule of Bankruptcy Procedure 9019.

## RELEVANT FACTS

4. On June 30, 2017, the Debtors each filed voluntary Chapter 11 bankruptcy petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Cases").

5. On August 4, 2017, Prudential filed a motion to convert each of the Bankruptcy Cases to Chapter 7 or, in the alternative, appoint a Chapter 11 Trustee (the "Trustee Motion"). (Calnshire Doc. No. 29; Steeple Doc. No. 26).

6. On October 31, 2017, Prudential filed a motion in each of the Bankruptcy Cases to, *inter alia*, designate the Debtors as Single Asset Real Estate Debtors *nunc pro tunc* to the Petition Date (the "SARE Motions"). (Calnshire Doc. No. 66; Steeple Doc. No. 64).

7. On December 18, 2017, the Court issued an Order converting the Bankruptcy Cases from Chapter 11 to Chapter 7. (Calnshire Doc. No. 92; Steeple Doc. No. 89).

8. On December 20, 2017, the Trustee was duly appointed as chapter 7 Trustee for the estates of the Debtors. (Calnshire Doc. No. 93; Steeple Doc. No. 91).

9. On April 25, 2018, based on the consent of both the Trustee and Prudential, the Court entered an order granting the SARE Motions. (Calnshire Doc. No. 122; Steeple Doc. No. 120).

10. On May 1, 2018, creditor Prudential filed motions for relief from the automatic stay in each of the Chapter 7 cases pursuant to 11 U.S.C. § 362(d)(3) (the "Motions for Relief"). (Calnshire Doc. No. 124; Steeple Doc. No. 122.)

11. On May 17, 2018, the Trustee filed an opposition to each of the Motions for Relief. (Calnshire Doc. No. 129; Steeple Doc. No. 127).

12. On April 23, 2019, this Court entered a consent order in each of the Bankruptcy Courts that grants Prudential relief from the automatic stay. (Calnshire Doc. No. 174; Steeple Doc. No. 170). However, these consent orders reserved the Trustee's right to bring any and all claims and objections to claims, among other things, and reserved any defenses against Prudential in any court of competent jurisdiction.

13. On June 28, 2019, the Trustee filed an adversary complaint in each of the above-referenced Bankruptcy Cases on behalf of each Debtor's estate, and against Prudential, bringing claims for breach of contract, breach of fiduciary duty, tortious interference with contract, and equitable subordination.  See *Bonnie B. Finkel, Esquire, in her capacity as Chapter 7 Trustee for Calnshire Estates, LLC v. Prudential Savings Bank*, Case No. 19-00138-elf (the "Calnshire Adversary"); and *Bonnie B. Finkel, Esquire, in her capacity as Chapter 7 Trustee for Steeple Run, LP*, Case No. 19-00139-elf (the "Steeple Adversary" or, together with the Calnshire Adversary, the "Adversary Proceedings"). The Calnshire Adversary also sought to declare as invalid a

3

mortgage that Prudential held in certain real property located in West Caln Township, Chester County, Pennsylvania.

14. On August 26, 2019, Prudential filed motions to dismiss each of the Adversary Proceedings.

15. On May 4, 2020, the Court entered Orders (the "Orders") granting Prudential's motion to dismiss the Adversary Proceedings; except that, Prudential's motion to dismiss as to Count I of the Calnshire Adversary was denied. The Orders also granted the Trustee leave to amend the adversary complaints.

16. On June 8, 2020, the Trustee filed amended adversary complaints (the "Amended Complaints") on behalf of the estates. (Calnshire Adversary Doc. No. 24; Steeple Adversary Doc. No. 30).

17. On July 15, 2020, Prudential filed motions to dismiss the Amended Complaints, to which the Trustee filed responses. Additional pleadings related to the motions to dismiss were filed by both Prudential and the Trustee.

18. The Trustee later agreed to the terms of a consent order which provided, *inter alia*, for the entry of judgments or foreclosure on both the Calnshire Property[1] and the Steeple Property (the "Consent Order") and on or about July 24, 2020, the Court entered an Amended Consent Order.

19. The Parties have subsequently engaged in discussions to avoid the time delay and expense involved in litigating the claims and defenses asserted in the Adversary Proceedings.

20. Based on subsequent investigations, the Trustee also believes the litigation could result in little or no benefit to creditors of the estates.

---

[1] Use of the defined terms "Calnshire Property" and "Steeple Property" have the same meaning as in the Settlement Agreement.

21.     The Trustee, individually and as Trustee for the two estates, and Prudential (the "Parties") have thus proposed to resolve their dispute in the Adversary Proceedings pursuant to the Settlement Agreement attached hereto as Exhibit A, which contains among other terms the following[2]:

> A.   The Trustee agrees to file Stipulations of Dismissal with Prejudice in each of the Adversary Proceedings;
>
> B.   The Trustee acknowledges that Prudential's proofs of claim filed in the each of the Debtors' bankruptcy cases contain fully allowed secured claims against the Debtors' real estate to be paid from the net proceeds of sheriff's sales of the Debtors' properties (claim number 38-1 in Calnshire; claim no. 8-1 in Steeple);
>
> C.   The parties acknowledge that Prudential shall have a general unsecured claim for the remaining balance to the extent that either proof of claim is not fully satisfied from the real estate sale proceeds;
>
> D.   Prudential agrees to pay a total $60,000.00 to the Trustee which amount shall be apportioned so that $40,000.00 is payable for the benefit of the Calnshire bankruptcy estate and $20,000.00 is payable for the benefit of the Steeple bankruptcy estate; and
>
> E.   Mutual releases, except to the extent specifically set forth in the Settlement Agreement, between the Trustee in her individual capacity and on behalf of the bankruptcy estates of Calnshire and Steeple, and Prudential, and anyone claiming by or through them, among others as designated by the Settlement terms.

22.     The Trustee seeks approval of the Settlement Agreement because it is fair, reasonable, and in the best interest of the estates, its creditors, and other interested parties.

23.     Relying on her business judgment, subject to the above conditions, the Trustee has determined that the proposed Consent Order is in the best interest of the estates.

---

[2] To the extent the terms of the Settlement Agreement differ from the terms of this motion, the terms of the Settlement Agreement shall control.

## LEGAL ANALYSIS

### The Consent Order is Fair, Reasonable and
### There is a Rational Basis for the Consent Order

24. Fed. R. Bankr. P. 9019 provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or a settlement."

25. Compromises "are favored in bankruptcy in order to minimize the cost of litigation to the estate and expedite its administration …." *In re Edwards*, 228 B.R. 552, 568 (Bankr. E.D. Pa. 1998) (citing *In re Martin*, 91 F.3d 389, 391 (3d. Cir. 1996).

26. The approval of a compromise is within the sound discretion of the bankruptcy judge. *In re Edwards*, 228 B.R. at 569.

27. Although Rule 9019(a) contains no standard for judicial approval of a compromise, case law in the Third Circuit establishes four criteria for a court to consider when a Trustee proposes a compromises: "[a] the probability of success in litigation; [b] the likely difficulties in collection; [c] the complexity of the litigation involved, and the expense, inconvenience and delay attending it; and [d] the paramount interest of the creditors." See *In re Martin*, 91 F.3d at 393.

28. In addition, as a general requirement, all compromises or settlements must be "fair and equitable." *In re Nutraquest, Inc.*, 434 F.3d 639, 639 (3d. Cir. 2006) (citing *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc., v. Anderson*, 390 U.S. 414, 424 (1968)).

29. In approving a compromise or settlement, the courts do not need to be convinced that the settlement is the best possible compromise; rather, the court need only find that "the compromise is fair, reasonable, and in the best interest of the estate." *In re Carole Ameen*, 2008 Bankr. LEXIS 4038 (Bankr. D.N.J. Nov. 6, 2008) (citing *In re TSIC, Inc.*, 393 B.R. 71 (Bankr. D. Del. 2008)).

30. In the Trustee's business judgment, the Settlement Agreement is fair, reasonable, and in the best interest of the estates.

31. The Settlement benefits both estates through the receipt of $60,000.00 that will be apportioned so that the Calnshire estate receives $40,000.00 and the Steeple estate receives $20,000.00. The within cases have been vigorously litigated and the Trustee believes there would be substantial costs and delays if the Adversary Proceedings were litigated to conclusion. The Trustee believes that the potential recovery on these proceedings is unclear, taking into consideration, among other things, the Court's decision in connection with the original motions to dismiss, and the difficulty that may exist in proving substantial claims for damages. The Settlement Agreement avoids the substantial costs, delays, and risks of litigating the Adversary Proceedings that otherwise may result in little or no benefit to the creditors of the Debtors' bankruptcy estates.

32. Moreover, the Settlement Agreement is the product of arms-length negotiations between the parties, and is fair, equitable, and reasonable.

33. Notice of this motion is being provided to the following persons: (a) Edmond M. George, Esquire, Nicholas Poduslenko, Esquire, and Michael D. Vagnoni, Esquire, counsel for Prudential; (b) Robert M. Greenbaum, Esquire and David B. Smith, Esquire, counsel for the Debtors; (c) the Office of the United States Trustee for the Eastern District of Pennsylvania; (d) all parties who have filed and served a Notice of Appearance and Requests for Information; and (e) Secured Creditors and Unsecured Creditors who filed a Proof of Claim.

34. The Trustee respectfully submits that such notice is good and sufficient notice under the circumstances, and meets the requirements of all applicable *Federal Rules of Bankruptcy Procedure*, including *Federal Rules of Bankruptcy Procedure* 6004, 2002, and 4001.

## CONCLUSION

35. For the foregoing reasons, Bonnie Finkel, the Trustee respectfully requests that this Court enter the attached order approving the Settlement Agreement between the Trustee and Prudential.

                                          **MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Dated: December 11, 2020        */s/ Gary D. Bressler*
Gary D. Bressler, Esq.
Gaston P. Loomis, Esq.
1617 John F. Kennedy Blvd., Suite 1500
Philadelphia, PA 19103
Phone: (215) 557-2900
Facsimile: (215) 557-2990
gbressler@mdmc-law.com
gloomis@mdmc-law.com

*Counsel to Bonnie B. Finkel, as Chapter 7 Trustee of the Bankruptcy Estates of Calnshire Estates, LLC and Steeple Run, L.P.*